United States District Court
Southern District of Texas
**ENTERED**
December 09, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALVIN HICKS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-331 |
| | § | |
| ANDREW NINO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

Plaintiff Alvin Hicks is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, Plaintiff has stated a claim of excessive force against **Sgt. Andrew Nino** in his individual capacity. Accordingly, it is respectfully recommended that this claim against **Sgt. Nino** be **RETAINED.** It is respectfully recommended further that the Court exercise supplemental jurisdiction over Plaintiff's state law claim for intentional infliction of emotional distress against **Sgt. Nino** in his individual capacity and that such claim be **RETAINED**. The undersigned will order service on **Sgt. Nino**.

Lastly, for the reasons set forth below, the undersigned recommends that: (1) Defendants **Texas Department of Criminal Justice (TDCJ), Lt. Kristine Zambrano, Officer Olazaba, and unknown defendants** be **DISMISSED without prejudice**; (2) Plaintiff's state law negligence claim against **Sgt. Nino** be **DISMISSED without prejudice**; and (4) Plaintiff's claims for money damages against **Sgt. Nino** in his official capacity be **DISMISSED** as barred by the Eleventh Amendment.

### I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division and is currently housed at the McConnell Unit in Beeville, Texas. Plaintiff's claims in this lawsuit occurred in connection with his current housing assignment.

On November 4, 2019, Plaintiff filed his original complaint against the TDCJ and the following McConnell Unit officials: (1) Sgt. Nino; (2) Lt. Zambrano; (3) Officer Olazaba; and (4) unknown officers. (D.E. 1). Plaintiff primarily claims that he was subjected to the use of excessive force by Sgt. Nino. He further asserts state law claims of negligence and intentional infliction of emotional distress. Plaintiff sues each individual defendant in their individual and official capacities. He seeks monetary relief.

A *Spears*[1] hearing was conducted on November 18, 2019. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1): Plaintiff is 61 years old, stands 5'7", and weighs 155 pounds. Plaintiff currently lives in the unit's general population in a cell that is open during the day. On May 11, 2019, the unit went on lockdown.

The next day, Sgt. Nino approached Plaintiff while Plaintiff was shaving in his housing area's restroom and asked for Plaintiff's ID. According to Plaintiff, Sgt. Nino told Plaintiff that Plaintiff was out of place. Plaintiff stopped shaving, went to his cell along with Sgt. Nino, retrieved his ID, and gave it to Sgt. Nino. Sgt. Nino ordered Plaintiff to turn around and place his hand behind his back. Plaintiff complied and the handcuffs were placed on Plaintiff's wrists.

While escorting Plaintiff from his cubicle, Sgt. Nino placed his hand on Plaintiff's arm and also attempted to grab Plaintiff by the leg. Plaintiff alleges that once they entered the dayroom downstairs, Sgt. Nino without cause tried to ram Plaintiff into a table. Plaintiff further alleges Sgt. Nino slammed Plaintiff into a connecting seat and then onto the floor, causing Plaintiff to chip his teeth and become dizzy when his face hit the floor. Plaintiff claims Sgt. Nino and other officers rammed their knees with all their weight into Plaintiff's back and neck. Plaintiff cried out in pain and begged the officers to stop. Plaintiff alleges he did not resist Sgt. Nino but was nevertheless assaulted by him, leaving him in extreme pain from his face, back, and neck.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Lt. Zambrano ordered the officers involved in the use of force to pick up Plaintiff, place him on the cart, and carry him to the "12 Building." Plaintiff sought medical attention for his injuries. As a result of the incident, Plaintiff alleges he suffered severe physical, mental pain, and anguish. He has been suffering from blackouts, dizziness, hearing loss, blurred vision, headaches, as well as pain in his neck, shoulder, and back. Plaintiff also underwent a dental procedure to pull his chipped teeth.

Plaintiff acknowledged at the *Spears* hearing that he does not intend to sue the TDCJ, Lt. Zambrano, Officer Olazaba, or any of the other unknown officers who responded to the scene on May 12, 2019. He later clarified that he only intends to sue Sgt. Nino.[2] Plaintiff further conceded at the *Spears* hearing that he does not intend to pursue his state law negligence claims against any defendant.[3] The undersigned finds, however, that Plaintiff seeks to maintain his state law claim against Sgt. Nino for intentional infliction of emotional distress.

### III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis*

---

[2] Accordingly, the undersigned recommends that Plaintiff's claims against the TDCJ, Lt. Zambrano, Officer Olazaba, and unknown defendants be dismissed without prejudice.

[3] Accordingly, the undersigned recommends that Plaintiff's state law negligence claims be dismissed without prejudice.

complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at

555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Eleventh Amendment Immunity and Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment

bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent that Plaintiff sues Sgt. Nino in his official capacity for money damages, those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against Sgt. Nino in his official capacity be dismissed as barred by the Eleventh Amendment.

### B. Excessive Force

Plaintiff claims that Sgt. Nino used excessive force against him in connection with an incident occurring on May 12, 2019. Inmates have a constitutional right to be free from the use of excessive force. *See Anthony v. Martinez,* 185 F. App'x 360, 363 (5th Cir. 2006). To state an excessive force claim, a plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis* but not necessarily significant. *See Hudson v. McMillian*, 503 U.S. 1, 6-7, 10 (1992). The factors to be considered are: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. *Gomez v. Chandler*, 163 F.3d 921, 923-24 (5th Cir. 1999).

A prison official's "excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury." *Hudson*, 503 U.S. at 4. In *Wilkins v. Gaddy*, 559 U.S. 34 (2010), the Supreme Court ruled that a

district court "erred in dismissing Wilkins' excessive force complaint based on the supposedly *de minimis* nature of his injuries." *Id.* at 40. The Supreme Court explained that "the core judicial inquiry [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* at 37 (citations omitted).

Plaintiff alleges that: (1) on May 12, 2019, while escorting Plaintiff from his cubicle, Sgt. Nino placed his hand on Plaintiff's arm and also attempted to grab Plaintiff by the leg; (2) once they entered the dayroom downstairs, Sgt. Nino without cause tried to ram Plaintiff into a table; (3) Sgt. Nino proceeded to slam Plaintiff into a connecting seat and then onto the floor, causing Plaintiff to chip his teeth and become dizzy when his face hit the floor; (4) while on the floor, Sgt. Nino and other officers rammed their knees with all their weight into Plaintiff's back and neck; (5) Plaintiff cried out in pain and begged the officers to stop; (6) Plaintiff never resisted Sgt. Nino's assault and was left in extreme pain from his face, back, and neck; (7) since Sgt. Nino's use of force, Plaintiff has been suffering from blackouts, dizziness, hearing loss, blurred vision, headaches, as well as pain in his neck, shoulder, and back; and (8) Plaintiff also underwent a dental procedure to pull his chipped teeth. Taken as true, Plaintiff's allegations suggest that Sgt. Nino used force maliciously and sadistically and that Plaintiff suffered more than a *de minimis* injury as a result of the use of force. Thus, it is respectfully recommended that Plaintiff's excessive force claim against Sgt. Nino in his individual capacity be retained.

### C. State Law Claim

Plaintiff raises a state law claim of intentional infliction of emotional distress against Sgt. Nino. A district court has the authority to exercise supplemental jurisdiction over all other claims that are so related to the claims that provide the district court with original jurisdiction. 28 U.S.C. §1367(a). Plaintiff's state law claim against Sgt. Nino is related to his excessive force claim.

In order to establish a claim for intentional infliction of emotional distress, a plaintiff must prove: "(1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, (3) the defendant's conduct caused the plaintiff emotional distress, and (4) the plaintiff's emotional distress was severe." *Nyabwa v. City of Corpus Christi*, No. 2:18-CV-103, 2018 WL 6271999, at *4 (S.D. Tex. Jul. 30, 2018) (citing *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W. 3d 438, 445 (Tex. 2004)). Taken Plaintiff's allegations as true, Plaintiff has stated a plausible state law claim for intentional infliction of emotional distress. Accordingly, the undersigned respectfully recommends that the Court exercise supplemental jurisdiction over this claim against Sgt. Nino.

### V. RECOMMENDATION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state an excessive force claim against **Sgt. Nino** in his individual capacity. Accordingly, it is respectfully recommended that this claim be **RETAINED.** It is respectfully recommended further that the Court exercise supplemental jurisdiction over Plaintiff's state law claim for intentional infliction of emotional distress against **Sgt. Nino** in his

individual capacity and that such claim be **RETAINED**. The undersigned will order service as to **Sgt. Nino** by separate order.

The undersigned further recommends that: (1) Defendants **TDCJ, Lt. Zambrano, Officer Olazaba, and unknown officers** be **DISMISSED without prejudice**; (2) Plaintiff's state law negligence claim against **Sgt. Nino** be **DISMISSED without prejudice**; and (4) Plaintiff's claims for money damages against **Sgt. Nino** in his official capacity be **DISMISSED** as barred by the Eleventh Amendment.

Respectfully submitted by this 9th day of December 2019.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).