UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALVIN HICKS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-331 |
| | § | |
| ANDREW NINO, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT DEFENDANT NINO'S PARTIAL MOTION TO DISMISS**

Plaintiff Alvin Hicks, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant Andrew Nino's Partial Motion to Dismiss. (D.E. 14). For the reasons stated herein, it is respectfully recommended that the Court **GRANT** Defendant Nino's motion.

**I.     JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.    BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division and is currently housed at the McConnell Unit in Beeville, Texas.

Plaintiff's claims in this lawsuit occurred in connection with his current housing assignment.

On November 4, 2019, Plaintiff filed his original complaint against the TDCJ and the following McConnell Unit officials: (1) Sgt. Nino; (2) Lt. Zambrano; (3) Officer Olazaba; and (4) unknown officers. (D.E. 1). Plaintiff primarily claims that he was subjected to the use of excessive force by Sgt. Nino. He further asserts state law claims of negligence and intentional infliction of emotional distress. Plaintiff sues each individual defendant in their individual and official capacities. He seeks monetary relief.

A *Spears*[1] hearing was conducted on November 18, 2019. On December 9, 2019, the undersigned issued a Memorandum and Recommendation (M&R), recommending that: (1) Plaintiff's excessive force claim be retained against Sgt. Nino in his individual capacity; (2) the Court exercise supplemental jurisdiction over Plaintiff's state law claim for intentional infliction of emotional distress against Sgt. Nino in his individual capacity; (3) Defendants TDCJ, Lt. Zambrano, Officer Olazaba, and unknown officers be dismissed without prejudice; (4) Plaintiff's state law negligence claim against Sgt. Nino be dismissed without prejudice; and (5) Plaintiff's claims for money damages against Sgt. Nino in his official capacity be dismissed as barred by the Eleventh Amendment. (D.E. 8). The undersigned ordered service on Sgt. Nino. (D.E. 9). On January 6, 2020, District Judge Nelva Gonzales Ramos adopted the M&R in its entirety. (D.E. 12).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

On January 27, 2020, Sgt. Nino filed a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 14). Plaintiff subsequently filed his response in opposition to the motion. (D.E. 17).

### III. PLAINTIFF'S ALLEGATIONS

The following representations relevant to Plaintiff's state claim for intentional infliction of emotional distress were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1): On May 12, 2019, Sgt. Nino approached Plaintiff while Plaintiff was shaving in his housing area's restroom and asked for Plaintiff's ID. According to Plaintiff, Sgt. Nino told Plaintiff that Plaintiff was out of place. Plaintiff stopped shaving, went to his cell along with Sgt. Nino, retrieved his ID, and gave it to Sgt. Nino. Sgt. Nino ordered Plaintiff to turn around and place his hand behind his back. Plaintiff complied and the handcuffs were placed on Plaintiff's wrists.

While escorting Plaintiff from his cubicle, Sgt. Nino placed his hand on Plaintiff's arm and also attempted to grab Plaintiff by the leg. Plaintiff alleges that once they entered the dayroom downstairs, Sgt. Nino without cause tried to ram Plaintiff into a table. Plaintiff further alleges Sgt. Nino slammed Plaintiff into a connecting seat and then onto the floor, causing Plaintiff to chip his teeth and become dizzy when his face hit the floor. Plaintiff claims Sgt. Nino and other officers rammed their knees with all their weight into Plaintiff's back and neck. Plaintiff cried out in pain and begged the officers to stop. Plaintiff alleges he did not resist Sgt. Nino but was nevertheless assaulted by him, leaving him in extreme pain from his face, back, and neck.

As a result of the incident, Plaintiff alleges he suffered severe physical, mental pain, and anguish. He has been suffering from blackouts, dizziness, hearing loss, blurred vision, headaches, as well as pain in his neck, shoulder, and back. Plaintiff also underwent a dental procedure to pull his chipped teeth.

## IV. LEGAL STANDARD

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## V. DISCUSSION

Sgt. Nino contends in his Partial Motion to Dismiss that Plaintiff's state law claim for intentional infliction of emotional distress is barred under Texas law. (D.E. 14, pp. 2-3). Plaintiff responds that this claim should not be dismissed because Sgt. Nino acted outside of the scope of his official duties when he assaulted Plaintiff. (D.E. 17, pp. 2-3).

Section 101.106(f) of the Texas Tort Claims Act (TTCA) provides that if a suit is filed against an employee of a government unit based upon conduct within the general scope of that employee's employment, and if it could have been brought against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. Tex. Civ. Prac. & Rem. Code § 101.106(f); *Franka v. Velasquez,* 332 S.W.3d 367, 369-85 (Tex. 2011). In *Franka,* the Texas Supreme Court explained that § 101.106(f) was intended to "foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment." *Franka,* 332 S.W.3d at 381.

The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by a competent authority." Tex. Civ. Prac. & Rem. Code § 101.001(5). In waiving governmental immunity for governmental units, "the Legislature correspondingly sought to discourage or prevent recovery against an employee." *Id.* at 384. Pursuant to *Franka,* all tort claims, including intentional tort claims against individual government actors,

"could have been brought" against the relevant governmental unit, regardless of whether its own immunities might ultimately bar the claim. *Id.* at 385.

Plaintiff's allegations, accepted as true, reflect that Sgt. Nino's use-of-force actions taken against Plaintiff were performed within the scope of his employment with the TDCJ. Thus, Plaintiff's state law tort claim for intentional infliction of emotional distress against Sgt. Nino in his individual capacity is barred and should be dismissed with prejudice. *See Huff v. Refugio County Sheriff's Dep't*, No. 6:13-CV-32, 2013 WL 5574901, *3-4 (S.D. Tex. Oct. 9. 2013) (applying *Franka* rule to dismiss prisoner's intentional tort claims against jailers for assault and battery).

## VI.  RECOMMENDATION

Because Sgt. Nino is immune to suit under the TTCA with respect to Plaintiff's state law claim, it is respectfully recommended that the Court **GRANT** Sgt. Nino's Partial Motion to Dismiss under Rule 12(b)(6) (D.E. 14) and **DISMISS with prejudice** Plaintiff's state law claim for intentional infliction of emotional distress.

Respectfully submitted this 4th day of March 2020.

　　　　　　　　　　　　　　　　　　／s／ Jason B. Libby
　　　　　　　　　　　　　　　　　　Jason B. Libby
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).