United States District Court
Southern District of Texas

**ENTERED**

May 11, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALVIN  HICKS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-331 |
| | § | |
| ANDREW  NINO, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant Nino's Partial Motion to Dismiss (D.E. 14). On March 4, 2020, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (D.E. 18), recommending that Defendant's motion be granted and Plaintiff's state law claim for intentional infliction of emotional distress be dismissed with prejudice.  Plaintiff timely filed his objections (D.E. 19) on March 18, 2020.

The Magistrate Judge held that Plaintiff's state law claim for intentional infliction of emotional distress was lodged against Defendant Nino with respect to conduct within the course and scope of his government employment.  As a consequence, the claim cannot be made against Defendant Nino in his individual capacity.  It must be made, if at all, against Defendant Nino in his official capacity, pursuant to the Texas Tort Claims Act (TTCA), Tex. Civ. Prac. & Rem. Code § 101.106(f).  *See Franka v. Velasquez*, 332 S.W.3d 367, 369-85 (Tex. 2011).  Because the claim is barred by governmental immunity, the claim fails.

Plaintiff objects, stating that Defendant Nino's conduct was not within the course and scope of employment and that the TTCA waiver of immunity does not include intentional conduct of the type described here.  He thus claims that the M&R conflicts with *City of San Antonio v. Dunn*[1] and TTCA § 101.057(2).  He further claims that the recommendation represents an error of law under *Koon v. United States*[2] and *Grigson v. Creative Artists Agency L.L.C.*[3]

Plaintiff's analysis is incorrect.  The fact that intentional torts are excepted from the TTCA's waiver of governmental immunity does not mean that such claims are then actionable against a defendant in his individual capacity.  Instead, TTCA § 101.001(5) and § 101.106(f) provide that, under the status of the current proceedings, any conduct arising out of the course and scope of employment must be addressed only to the employee's official capacity.  If the claim is barred by governmental immunity, then it cannot be brought against the employee at all.  *Franka,* 332 S.W. 3d at 385.  Plaintiff has not provided any authority for treating Defendant Nino's conduct in finding Plaintiff out of place and escorting him back to his prison cell—injuring him along the way—as conduct outside the course and scope of his employment.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a

---

[1]  796 S.W.2d 258, 261 (Tex. App.—San Antonio 1990, writ denied) (no waiver of immunity for intentional tort).
[2]  518 U.S. 81, 100 (1996) (it is an abuse of discretion to make an error of law).
[3]  210 F.3d 524, 528 (5th Cir. 2000) (it is an abuse of discretion to make an error of law).

de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.   Accordingly, Defendant's Partial Motion to Dismiss (D.E. 14) is **GRANTED** and Plaintiff's claim for intentional infliction of emotional distress is **DISMISSED WITH PREJUDICE**.

ORDERED this 11th day of May, 2020.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE