United States District Court
Southern District of Texas

**ENTERED**

August 12, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALVIN  HICKS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-331 |
| | § | |
| ANDREW  NINO, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY
## DEFENDANT NINO'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Alvin Hicks, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  In this prisoner civil rights action, Plaintiff claims that Sergeant Andrew Nino used excessive force against him. Pending before the Court is Sgt. Nino's Motion for Summary Judgment.  (D.E. 22).  For the reasons stated herein, it is respectfully recommended that the Court **DENY** Sgt. Nino's summary judgment motion.

## I.    JURISDICTION

The Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331.  This case was referred to the undersigned United States Magistrate Judge for case management and to furnish a recommendation pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID).   The facts giving rise to Plaintiff's claims arise in connection with Plaintiff's current assignment to the McConnell Unit in Beeville, Texas.

On November 4, 2019, Plaintiff filed his original complaint against the TDCJ and the following McConnell Unit officials: (1) Sgt. Nino; (2) Lt. Zambrano; (3) Officer Olazaba; and (4) unknown officers. (D.E. 1). Plaintiff primarily claimed that he was subjected to the use of excessive force by Sgt. Nino. He further asserted state law claims of negligence and intentional infliction of emotional distress.  Plaintiff sued each individual defendant in his or her individual and official capacity.   He sought monetary relief only.

A *Spears*[1] hearing was conducted on November 18, 2019.   In a Memorandum and Recommendation issued on December 9, 2019 (December 9, 2019 M&R), the undersigned recommended that: (1) Plaintiff's excessive force claim against Sgt. Nino in his individual capacity be retained; (2) the Court exercise supplemental jurisdiction over Plaintiff's state law claim for intentional infliction of emotional distress against Sgt. Nino in his individual capacity and that such claim be retained; (3) Defendants TDCJ, Lt. Zambrano, Officer Olazaba, and unknown officers be dismissed without prejudice; (4) Plaintiff's state law negligence claim against Sgt. Nino be dismissed without prejudice; and (5) Plaintiff's claims for money damages against Sgt. Nino in his official capacity be

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

dismissed as barred by the Eleventh Amendment.  (D.E. 8).  The undersigned ordered service on Sgt. Nino. (D.E. 9). On January 6, 2020, District Judge Nelva Gonzales Ramos adopted the December 9, 2019 M&R in its entirety. (D.E. 12).

On January 27, 2020, Sgt. Nino filed a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 14).  Sgt. Nino contended in his Partial Motion to Dismiss that Plaintiff's state law claim for intentional infliction of emotional distress was barred under Texas law. (D.E. 14, pp. 2-3).  In a Memorandum and Recommendation issued on March 4, 2020 (March 4, 2020 M&R), the undersigned recommended that Sgt. Nino's Partial Motion to Dismiss be granted.  (D.E. 18).  On May 11, 2020, District Judge Ramos adopted the March 4, 2020 M&R and dismissed with prejudice Plaintiff's state law claim for intentional infliction of emotional distress against Sgt. Nino. (D.E. 21).

On July 13, 2020, Sgt. Nino filed a Motion for Summary Judgment.  (D.E. 22). Plaintiff has not responded to Sgt. Nino's motion, which is, therefore, deemed unopposed.[2]  However, because Plaintiff is appearing *pro se*, the undersigned will address the merits of Sgt. Nino's motion for summary judgment.

## III.    SUMMARY JUDGMENT EVIDENCE

Sgt. Nino offers the Plaintiff's relevant grievance records (D.E. 22-1) as summary judgment evidence.  Plaintiff has not submitted any evidence in response to Sgt. Nino's summary judgment motion.  Plaintiff's verified complaint and testimony at the *Spears*

---

[2] According to the Local Rules for the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition."  LR 7.4.

hearing, nevertheless, serve as competent summary judgment evidence. *See Garrett v. Davis*, No. 2:14-CV-70, 2017 WL 1044969, at *3 (S.D. Tex. Mar. 20, 2017).

Like other parts of the record, Plaintiff's verified complaint must satisfy Federal Rule of Civil Procedure 56(c) in order to be considered at summary judgment. *See Mengele v. AT&T Servs. Inc.*, No. 3:15-cv-3934, 2017 WL 3835871, at *3 (N.D. Tex. Aug. 9, 2017) ("[T]he verified complaint and sworn interrogatory answers of the *pro se* litigant can be considered as summary judgment evidence *to the extent that such pleadings comport with the requirements of current Rule 56(c)*.") (emphasis added) (citations omitted).

The undersigned, therefore, will not consider parts of Plaintiff's verified complaint that are not made on personal knowledge or that would be inadmissible in evidence. *See* Fed. R. Civ. P. 56(c)(4). Accordingly, the competent summary judgment evidence establishes the following:

**A.    Plaintiff's Verified Complaint and *Spears* Hearing Testimony[3]**

On May 12, 2019, Sgt. Nino approached Plaintiff while Plaintiff was shaving in his housing area's restroom and asked for Plaintiff's inmate ID. Sgt. Nino told Plaintiff that Plaintiff was out of place. Plaintiff stopped shaving, went to his cell along with Sgt. Nino, retrieved his ID, and gave it to Sgt. Nino. Sgt. Nino ordered Plaintiff to turn around and place his hand behind his back. Plaintiff complied and the handcuffs were placed on Plaintiff's wrists.

---

[3] The version of events in this subsection of the M&R are set forth from the Plaintiff's perspective.

While escorting Plaintiff from his cubicle, Sgt. Nino placed his hand on Plaintiff's arm and also attempted to grab Plaintiff by the leg. Once they entered the dayroom downstairs, Sgt. Nino without cause tried to ram Plaintiff into a table. Sgt. Nino proceeded to slam Plaintiff into a connecting seat and then onto the floor, causing Plaintiff to chip his teeth and become dizzy when his face hit the floor. Sgt. Nino and other officers rammed their knees with all their weight into Plaintiff's back and neck. Plaintiff cried out in pain and begged the officers to stop. Plaintiff alleges he did not resist Sgt. Nino but was nevertheless assaulted by him, leaving him in extreme pain from his face, back, and neck.

Plaintiff sought medical attention for his injuries. As a result of the incident, Plaintiff has been suffering from blackouts, dizziness, hearing loss, blurred vision, headaches, as well as pain in his neck, shoulder, and back. Plaintiff also underwent a dental procedure to pull his chipped teeth.

### B. Sgt. Nino's Evidence Regarding Plaintiff's Grievances

Plaintiff filed a Step 1 Grievance (No. 2019125092), dated May 16, 2019, complaining about Sgt. Nino's use of force. (D.E. 22-1, pp. 7-8). After an investigation was conducted, the reviewing officer denied Plaintiff's Step 1 Grievance on August 22, 2019, finding there was no evidence to substantiate Plaintiff's claim. (D.E. 22-1, p. 8). The grievance was returned to Plaintiff one day later. (D.E. 22-1, p. 8).

Plaintiff filed a Step 2 Grievance (No. 2019125092) with respect to his Sgt. Nino's use of force on May 12, 2019. (D.E. 22-1, pp. 5-6). The reviewing officer denied the Step 2 Grievance, finding that "[t]his issue has been reviewed by the Inspector General

and that officer has determined that there is insufficient evidence to warrant opening a case." (D.E. 22-1, p. 6).

## IV.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id.* Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper

summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

## V.    DISCUSSION

In his summary judgment motion, Sgt. Nino seeks dismissal of Plaintiff's excessive claim against him for failure to exhaust his administrative remedies.  (D.E. 22, pp. 3-5).  The Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002).  Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process.  *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court.  *Woodford v. Ngo*, 548 U.S. 81, 83 (2006).  Because exhaustion is an affirmative defense, inmates are not required to plead or demonstrate exhaustion in their complaints.  *Jones v. Bock*, 549 U.S. 199, 215 (2006).

The TDCJ provides a two-step procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam).  Step 1 requires the inmate to present an administrative grievance at his unit within fifteen days from the date

of the complained-of incident.  *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

The inmate should then receive a response from the unit official, and if unsatisfied with

the response, the inmate has fifteen days to appeal by filing a Step 2 grievance, which is

handled at the state level.  *Id.*  The Fifth Circuit requires that both steps be completed in

order to file suit in federal court.  *Id* at 515-16 ("[A] prisoner must pursue a grievance

through both steps for it to be considered exhausted.").  *See also Dillion v. Rogers,* 596

F.3d 260, 268 (5th Cir. 2010) ("under our strict approach, we have found that mere

'substantial compliance' with administrative remedy procedures does not satisfy

exhaustion; instead, we have required prisoners to exhaust available remedies properly.").

   In *Johnson*, the Fifth Circuit discussed how much detail is required in a grievance

for purposes of effectively exhausting administrative remedies.  The Fifth Circuit noted

that one of the purposes of the exhaustion requirement is to give officials "time and

opportunity to address complaints internally."  *Johnson*, 385 F.3d at 517 (citations

omitted).  A grievance "should be considered sufficient to the extent that the grievance

gives officials a fair opportunity to address the problem that will later form the basis of

the lawsuit."  *Id.*

   The competent summary judgment evidence demonstrates that: (1) Plaintiff

complained in his Step 1 Grievance (No. 2019125092), dated May 16, 2019, about Sgt.

Nino's use of force on May 12, 2019; (2) after an investigation was conducted, the

reviewing officer denied Plaintiff's Step 1 Grievance on August 22, 2019, finding there

was no evidence to substantiate Plaintiff's claim (D.E. 22-1, p. 8); and (3) the grievance

was returned to Plaintiff one day later (D.E. 22-1, p. 8).

Sgt. Nino contends in his summary judgment motion that Plaintiff failed to exhaust his administrative remedies as to his excessive force claim because he did not file his Step 2 Grievance in a timely fashion. (D.E. 22, p. 5). Specifically, Sgt. Nino argues that Plaintiff filed his Step 2 Grievance on September 16, 2019, which is nine days after the expiration of the 15-day period to file such a grievance. Contrary to Sgt. Nino's contention, a review of Plaintiff's Step 2 Grievance reflects that Plaintiff dated the document May 16, 2019, as opposed to September 16, 2019. (D.E. 22-1, p. 5). Plaintiff appears to have provided this incorrect date (May 16, 2019) inadvertently as it is the same date he signed his Step 1 Grievance. (D.E. 22-1, pp. 6, 8). However, in the upper right hand corner of the Step 2 Grievance form (D.E. 22-1, p. 5), the UGI[4] received date is listed as 9-3-2019. September 3, 2019 is within 15 days of the date the reviewing officer denied Plaintiff's Step 1 Grievance, August 22, 2019. Plaintiff's Step 2 Grievance further reflects an "HQ Recd Date" as September 9, 2019. (D.E. 22-1, p. 5). While not entirely clear, it follows that the headquarters, or "HQ" would receive the Step 2 grievance after being submitted to the UGI by Plaintiff. The defendant's failure to exhaust argument is not supported by the record.

Regardless whether Plaintiff filed his Step 2 Grievance in a timely manner, the record reflects that the reviewing officer denied the grievance on the merits as opposed to finding it to be untimely filed. (D.E. 22-1, p. 6). The exhaustion requirement of § 1997e(a) is satisfied when the institutional decision-maker denies it on the merits even though it could have been resolved for failure to comply with a procedural requirement.

---

[4] UGI is an acronym for Unit Grievance Investigator.

*See Eubanks v. Naik*, No. 3:11-CV-432, 2014 WL 1117408, at *4 (S.D. Tex. Mar. 19, 2014).  *See also Gates v. Cook*, 376 F.3d 323, 331 & n.6 (5th Cir. 2004) (holding that prison officials could not argue that a prisoner's grievance failed to comply with procedural rules when the officials had looked past the purported technical defect and rejected the grievance for substantive reasons).  In other words, "when a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action."  *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

Thus, when viewing the competent summary judgment in a light most favorable to Plaintiff, he has successfully exhausted his administrative remedies with respect to his excessive force claim against Sgt. Nino.  Accordingly, Sgt. Nino's Motion for Summary Judgment (D.E. 22) should be denied.

## VI.    RECOMMENDATION

Based on the foregoing, it is respectfully recommended that the Court **DENY** Sgt. Nino's Motion for Summary Judgment (D.E. 22) for failure to exhaust administrative remedies.  Plaintiff, therefore, should be allowed to proceed to trial on the excessive force claim against Sgt. Nino in his individual capacity.

Respectfully submitted this 12th day of August 2020.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).